## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

|  |  |
|---|---|
| CHARLES PATNODE, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. _____1:20-CV-00411_____ |
| v. | JURY TRIAL DEMANDED |
| MBO PARTNERS, INC., | |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT PURSUANT
## TO 29 U.S.C. § 216(b)

### SUMMARY

1.      Charles Patnode ("Patnode" or "Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages owed by MBO Partners, Inc. ("MBO").

2.      Patnode worked for MBO as a Construction Manager.

3.      Patnode and the other workers like him regularly worked in excess of 40 hours each week.

4.      But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

5.      Instead of paying overtime as required by the FLSA, MBO paid Patnode and other similarly situated workers the same hourly rate for all hours worked, including those in excess of 40 hours in a single workweek ("straight time for overtime").

6.      MBO never paid Patnode, or the other workers like him, a salary.

7.      This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION & VENUE

8.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because MBO maintains its headquarters in this District and Division.

10.     Specifically, MBO maintains its headquarters in Herndon, Virginia.

## THE PARTIES

11.     Patnode worked for MBO as a Construction Manager from approximately June 2015 until October 2019.

12.     Throughout his employment, MBO paid Patnode the same hourly rate for all hours worked, including those worked in excess of 40 hours in a single workweek.

13.     Patnode's consent to be a party plaintiff is attached as Exhibit 1.

14.     Patnode brings this action on behalf of himself and all other similarly situated workers who MBO paid straight time for overtime.

15.     MBO paid each of these workers the same hourly rate for all hours worked, including those worked in excess of 40 hours in a single workweek in violation of the FLSA.

16.     The collective of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All workers employed by, or working on behalf of, MBO who were paid the same hourly rate for all hours worked, including those in excess of 40 hours in a single workweek (or "straight time for overtime") at any time in the past 3 years ("Straight Time Workers").**

17.     MBO is a corporation that may be served by serving its registered agent: **National Registered Agents, Inc. 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060**, or by any other method allowed by law.

COVERAGE UNDER THE FLSA

18.     At all relevant times, MBO has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

19.     At all relevant times, MBO has been part of an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

20.     At all relevant times, MBO has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA. 29 U.S.C. § 203(s)(1).  MBO has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

21.     In each of the last 3 years, MBO has had annual gross volume of sales made or business done of at least $1,000,000.

22.     At all relevant times, Patnode and the Straight Time Workers were engaged in commerce or in the production of goods for commerce.

FACTS

23.     MBO bills itself as the "preferred talent provider to the federal government and more than 30 Fortune 100 companies."[1]

24.     To complete its business objectives, MBO hires personnel, such as Patnode, to perform construction management and inspection services.

25.     Many of these individuals worked for MBO and were paid under MBO's straight time for overtime pay scheme.

26.     These straight time for overtime workers make up the proposed Putative Class.

---

[1] https://www.mbopartners.com/company/ (last visited April 6, 2020).

27.    For example, Patnode worked for MBO as a Construction Manager from approximately June 2015 until October 2019.

28.    Throughout his employment, MBO paid him the same hourly rate for all hours worked, including those in excess of 40 in a single workweek.

29.    Specifically, MBO paid Patnode approximately $81-89/hour for all hours he worked.

30.    As a Construction Manager, Patnode spent his time ensuring that construction projects were completed in accordance with MBO (or its clients') specifications.

31.    Patnode did not hire or fire employees.

32.    Patnode did not exercise discretion and judgment as to matters of significance.

33.    Patnode was a blue-collar worker.

34.    Patnode and the Straight Time Workers were required to adhere to MBO (or its clients') policies and procedures.

35.    At all relevant times, MBO maintained control, oversight, and direction of Patnode and the Straight Time Workers, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

36.    Likewise, MBO (or its clients) control Patnode and the Straight Time Workers' work.

37.    MBO paid Patnode and the Straight Time Workers under its straight time for overtime pay scheme.

38.    Patnode and the Straight Time Workers did not receive a salary.

39.    If Patnode or the Straight Time Workers worked fewer than 40 hours in a week, they were only paid for the hours worked.

40.    Patnode and the Straight Time Workers regularly worked over 40 hours in a week.

41.    In fact, Patnode routinely worked at least 6 days per week for 10 or more hours per day, for weeks on end.

4

42.     Patnode's schedule is typical of the Straight Time Workers.

43.     Instead of paying overtime, MBO paid Patnode and the Straight Time Workers the same hourly rate for the hours he worked over 40 in a work week.

44.     Patnode and the Straight Time Workers worked in accordance with the schedule set by MBO and/or its clients.

45.     The hours Patnode and the Straight Time Workers worked are reflected in MBO's records.

46.     Rather than receiving time and half as required by the FLSA, Patnode and the Straight Time Workers only received "straight time" pay for the hours they worked in excess of 40 in a workweek.

47.     MBO's "straight time for overtime" payment scheme violates the FLSA because it deprives Patnode and the Straight Time Workers of overtime at a rate of 1 ½ their regular rates for the hours they work in excess of 40 hours in a single workweek.

48.     MBO is aware, or should have been aware, that the FLSA required it to pay Patnode and the Straight Time Workers overtime premiums for all hours worked in excess of 40 hours per workweek.

49.     MBO knew Patnode and the Straight Time Workers worked more than 40 hours a week.

50.     MBO knew, or showed reckless disregard for whether, the Straight Time Workers were entitled to overtime under the FLSA.

51.     Nonetheless, MBO did not pay Patnode and the Straight Time Workers overtime as required by the FLSA.

52.     MBO knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

53.     The illegal "straight time for overtime" pay practice that MBO imposed on Patnode was likewise imposed on the Straight Time Workers.

54.     Dozens of individuals were victimized by MBO's pattern, practice, and policy which is in willful violation of the FLSA.

55.     Numerous other individuals who worked with Patnode indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

56.     Based on his experiences and tenure with MBO, Patnode is aware that MBO's illegal practices were imposed on the Straight Time Workers.

57.     The Straight Time Workers were all not afforded overtime compensation when they worked in excess of 40 hours in a week.

58.     MBO's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Straight Time Workers.

59.     Patnode's experiences are therefore typical of the experiences of the Straight Time Workers.

60.     The specific job titles or precise job locations of the Straight Time Workers do not prevent class or collective treatment.

61.     Patnode has no interest contrary to, or in conflict with, the Straight Time Workers. Like each Straight Time Worker, Patnode has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

62.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

63.     Absent this action, many Straight Time Workers likely will not obtain redress of their injuries, and MBO will reap the unjust benefits of violating the FLSA.

64.     Furthermore, even if some of the Straight Time Workers could afford individual litigation against MBO, it would be unduly burdensome to the judicial system.

65.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

66.     The questions of law and fact common to the Straight Time Workers predominate over any questions affecting solely the individual members.

67.     Among the common questions of law and fact are:

a.      Whether MBO's decision to not pay time and a half for overtime to the Straight Time Workers was made in good faith;

b.      Whether MBO's violation of the FLSA was willful; and

c.      Whether MBO's illegal pay practices were applied uniformly across the nation to all Straight Time Workers.

68.     Patnode's claims are typical of the claims of the Straight Time Workers.

69.     Patnode and the Putative Class Members sustained damages arising out of MBO's illegal and uniform employment policy.

70.     Patnode knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

71.     Even if the issue of damages were somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## CAUSE OF ACTION
## VIOLATIONS OF THE FLSA

72.     Patnode brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

73.     MBO violated, and is violating, the FLSA by failing to pay Patnode and the Putative Class Members overtime.

74.     MBO failed to guarantee the Plaintiff and Putative Class Members a salary.

75.     MBO failed to pay the Plaintiff and Putative Class Members overtime at the rates required by the FLSA.

76.     MBO paid the Plaintiff and Putative Class Members straight time for overtime.

77.     MBO knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation.

78.     MBO's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

79.     Accordingly, Patnode and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, and attorney's fees and costs.

## JURY DEMAND

Patnode hereby demands a trial by jury.

## PRAYER

Patnode prays for relief as follows:

a.   An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.   For an Order pursuant to Section 16(b) of the FLSA finding MBO liable for unpaid back wages due to Patnode and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c.   For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Zev Antell
Harris D. Butler (VSB No. 26483)
Zev H. Antell (VSB No. 74634)
Paul M. Falabella (VSB 81199)
**BUTLER ROYALS, PLC**
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Email:  harris.butler@butlerroyals.com
          zev.antell@butlerroyals.com
          paul.falabella@butlerroyals.com
804-648-4848 – Telephone
804-237-0413 – Facsimile

**Michael A. Josephson***
Texas Bar No. 24014780
mjosephson@mybackwages.com
**Andrew Dunlap***
Texas Bar No. 24078444
adunlap@mybackwages.com
**Taylor A. Jones***
Texas Bar No. 24107823
tjones@mybackwages.com
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
*Pro Hac Vice to be filed*

**Richard J. (Rex) Burch***
Texas Bar No. 24001807
rburch@brucknerburch.com
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
*Pro Hac Vice to be filed*

**ATTORNEYS FOR PLAINTIFFS**